## JOHN FRENCH, Adm'r *versus* RUFUS MERRILL, and another.

In trover by an administrator, where in the first count the conversion was alleged to have been in the intestate's life time, and in the 2nd count after his decease, held not to be a misjoinder.

Where it was contended that the evidence of a witness was a new fabrication, and that he had previously given a different account of the transaction, evidence that he had given the same account of the transaction immediately after it had happened, admissible.

TROVER for two steers. There were two counts in the declaration. Both counts alleged that the intestate, being possessed of the steers, lost them, but in one count the conversion was alleged to have been in the life time of the intestate, and in the other count to have been after his decease, and, for an alleged misjoinder in these counts, the defendants moved for an arrest of judgment. There was also a motion for a new trial, on the ground of the admission of improper testimony.

It appeared, on trial here at September term, 1832, that the defendants, with a view to discredit a witness of the plaintiff, proved that the witness had given, on other occasion, and a week or ten days after the time of the transaction of which he testified, a very different account from what he had stated on the stand.

The plaintiff then offered to prove, in order to corrob- orate the testimony of the witness, that, the next morn- ing after the transaction of which he testified, he gave the same account as he had given upon the stand. To the admission of this evidence the defendants objected, but it was admitted by the court ; and the jury having found for the plaintiff, the defendants moved as above named.

*E. Parker*, for the plaintiff.

As to the misjoinder the court referred to 6 East, 405, *Crowell* v. *Watts* ; 1 Chit. Pl., 202, 3 & 4, and 2 Chit, 374.

As to the motion for a new trial to 1 Starkie on Evi- dence, 149.

The plaintiff proved that the witness, the next morn- ing after the facts occurred, which were testified to by him, gave the same account of the transaction that he gave on the stand ; and the plaintiff contends that this was the first account " given before its ultimate effect and operation, arising from a change of circumstances, could have been foreseen."

It is not now contended that an account of the trans- action given by the witness, after the account proved by the defendants, could be given in evidence—that is not the exception—but the first account, given before the ac- count proved by the defendants, may be. This is clearly to be distinguished from any statement made afterwards.

*B. M. Farley*, for the defendants.

Upham, J. The ground taken by the defendants' counsel in the motion in arrest of judgment is, that when property is taken in the intestate's life time, it becomes a mere chose in action, for which the executor, or ad- ministrator must bring his action, in his representative capacity ; but when the conversion is subsequent to the intestate's decease, an action accrues to the repre-

sentative in his own right, and that it is a misjoinder to unite both causes of action. But this ground is not sustained by the authorities.

The general rule as laid down, is, that whenever money would be assetts in the hands of the executor, or administrator, he may sue for it in, his representative capacity. And if such be the case, it is immaterial whether the conversion of property be before, or after the intestate's decease ; it is equally the property of the estate, and may be sued for as such, and the conversion alleged in either or both ways, as is most convenient. This position is sustained in 1 Ch. Pl., 202, 3 & 4, and the authorities there cited. And in 2 Chit. 374, is a count in behalf of the executor for trover and conversion after the death of the testator.

The motion in arrest does not prevail.

There is a farther exception, as to the admission of improper testimony. On the trial of this case, the defendants, with a view to discredit the testimony of the plaintiff's witness, proved that the witness had given, on other occasions, and within a week or ten days after the time of the transaction of which he testified, a very different account from what he had stated on the stand ; and the defendants contended that the testimony given by the witness on trial, was a new fabrication, got up by him since the suit ; to rebut which, the plaintiff offered to prove that the witness had given the same account of the transaction the next morning after it had happened, as he had given in his testimony on the trial.

The doctrine seems to be recognized, that under special circumstances, evidence to the extent contended for may be admitted.

It is a general rule, that the declarations of a witness are not admissible to corroborate his statements made on oath. But to this rule, there are exceptions. It is said by Phillips that where the counsel impute a design in the witness to misrepresent from some motive of interest

or relationship, it is proper, in order to repel such an imputation, to show that the witness made a similar statement, at a time when the supposed motive did not exist ; or, when motives of interest would have prompted him to make a different statement of the facts.   Phil. Ev. 1, 231.

The case is put by Starkie, as within an exception, that in a contradiction of evidence tending to show that the account given by the witness, is a fabrication of late date, it is admissible to show that the same account had been given by the witness before its ultimate effect and operation arising from a change of circumstances could have been foreseen.   Stark. Ev. 1, 149.

What weight is to be given to the testimony of a witness making such contradictory declarations, is for the jury to determine ; but we cannot reasonably doubt the right of the plaintiff to sustain his witness thus far, and it is so held to be law.   Declarations of the witness, subsequent to those given in evidence by the defendant, would not be admissible, but such is not within the principle here contended for, or within the facts of this case. Our opinion is, that the testimony offered was competent for the purposes for which it was admitted, and does not furnish ground for a new trial.   There will therefore be

*Judgment on the verdict.*